UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID L. HICKS                              CIVIL ACTION NO. 10-cv-0084

VERSUS                                      JUDGE STAGG

JOHNA PAGE, ET AL                           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

David L. Hicks ("Plaintiff") filed this pro se civil complaint against several defendants. He alleges that defendant Johna Page was illegally parked in a line of cars on Fairfield Avenue while picking up a child at an elementary school. Plaintiff alleges that Ms. Page's "illegal and negligent actions" caused him damages caused by hindering traffic and endangering Plaintiff and the animals on his trailer. The complaint is not clear, but it appears that Plaintiff became embroiled in some sort of dispute with law enforcement near the scene of this alleged illegal parking, and Plaintiff was arrested as a result.

Plaintiff also names as defendants three Shreveport police officers, the City of Shreveport, and the Shreveport Police Department. He alleges that the officers used excessive force, falsely charged Plaintiff with wrongful backing of his trailer, withheld evidence, and committed other wrongs in connection with the arrest.

The Plaintiff asserts claims of malpractice and negligence against Dr. Edward LoCascio, the LSU Health Sciences Center, and the State of Louisiana. He alleges that they

failed to treat him properly, maintained a below-standard prisoner holding cell at the hospital, did not run proper medical tests such as a CT scan or MRI, and did not adequately document Plaintiff's injuries.

Plaintiff also names as defendants the Caddo Correctional Center, Caddo Parish Sheriff's Department, Caddo Parish Government, and (again) the State of Louisiana.  These defendants are alleged to have deprived Plaintiff of proper medical care while he was held in the Caddo Parish jail for 14 days.

The court has reviewed the complaint and determined that some of the claims should not proceed any further. Accordingly, as recommended below, several of the defendants should be dismissed before they are required to defend against this action. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

**Johna Page**

All claims against Johna Page should be dismissed.  Plaintiff invokes 42 U.S.C. § 1983, but "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person *acting under color of state law*." West v. Atkins, 108 S.Ct. 2250 (1988) (emphasis added). Every indication is that Ms. Page was a private citizen acting in a private capacity, so Section 1983 may not be used to assert a claim against her.

Plaintiff may not rely on diversity jurisdiction because it appears Plaintiff and Ms. Page (and at least several other defendants) are all citizens of Louisiana. The court does have original jurisdiction over the civil action because of the assertion of Section 1983 claims against other defendants who are state actors, and that gives the court discretion to exercise supplemental jurisdiction over state law claims against parties such as Ms. Page.  It is recommended, however, that the court exercise its discretion to decline the exercise of jurisdiction over the claims against Ms. Page.  The claims are not based on the same facts that would be presented at a trial regarding the medical care and excessive force allegations. Furthermore, it appears unlikely that Plaintiff has alleged meritorious state law claims against Ms. Page. This private citizen should not be drawn into this civil rights litigation.

**Shreveport Police Department**

Plaintiff has sued not only three individual police officers in the City of Shreveport, but also the Shreveport Police Department.  The Department is not a legal entity capable of being sued in federal court, so all claims against it should be dismissed.  See Evans v. City of Homer, 2007 WL 2710792 (W.D. La. 2007); Martin v. Davis, 2007 WL 763653 (E.D. La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued.").

**Caddo Defendants**

The Caddo Parish Sheriff's Department is also not an entity capable of being sued. Evans, supra; Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002). The Caddo Correctional Center is also not an entity capable of being sued. It is merely a building and grounds owned by the sheriff. See Robertson v. Detention Center Claiborne Parish, 2009 WL 3241561 (W.D. La. 2009) ("It is well established that a detention center is not a legal entity capable of being sued.").

Plaintiff's claims regarding his medical care while jailed at the Caddo Correctional Center are targeted at the Center, the Sheriff's Department, the State of Louisiana, and the Caddo Parish Government. Plaintiff does not allege any facts from which a legitimate claim could be inferred against the purported Caddo Parish Government. The court is not aware of any entity known by that name. Caddo Parish is governed by a Board of Commissioners, but they do not operate the jail. The sheriff is the keeper of the jail, and Plaintiff has not alleged any facts that would reasonably permit the imposition of liability on the parish government in connection with Plaintiff's medical care at the jail.

As for the State of Louisiana, it is entitled to Eleventh Amendment immunity from all of Plaintiff's claims under Section 1983 or state law. Quern v. Jordan, 99 S.Ct. 1139 (1979) (Section 1983 does not abrogate the Eleventh Amendment immunity of the states); Harris v. Angelina County, Tex., 31 F.3d 331, 338 n. 7 (5th Cir.1994) ("State law claims against the State defendants ... are also barred by the Eleventh Amendment.").

**LSU-HSC Defendants**

Plaintiff also names the State, along with LSU Health Sciences Center and Dr. LoCascio, as defendants and based on alleged malpractice.  The claim against the State is barred by the Eleventh Amendment. The same is true of the hospital because it is considered an arm of the State and receives the same Eleventh Amendment protection as the state itself.  Boston v. Tanner, 29 F.Supp. 2d 743 (W.D. La. 1998).

As for Dr. LoCascio, even if it is assumed he is a state actor, mere allegations of medical malpractice and disagreement about treatment and tests that are run do not rise to the level of asserting a Section 1983 claim.  Mere disagreement with the diagnostic measures or methods of treatment afforded by a state physician does not state a constitutional claim. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).  Plaintiff's allegations of mere negligence, not running the tests that he would prefer, and failing to document injuries do not come close to stating a constitutional claim based on his medical care at LSU-HSC. Therefore, all claims against Dr. LoCascio should be dismissed.  To the extent that Plaintiff has asserted state law claims against Dr. LoCascio, the court should decline to exercise supplemental jurisdiction. The purported medical malpractice claims are not sufficiently intertwined with the excessive force and jail claims to provide any efficiency in their being litigated together, and medical malpractice claims have special Louisiana statutory provisions regarding medical review panels and other special procedures that make it difficult to litigate them in the same case as ordinary claims.

**Police Officers and the City**

The claims against the remaining defendants (Officer Hall, Cpl. Bianco, Officer Yarborough, and the City of Shreveport) might also be susceptible to some parsing, but the court will leave it to those defendants to respond to the complaint and offer their defenses as they see fit.  The court took the step of addressing the claims above because they were patently without a legitimate basis for going forward and would have caused both a private individual and several taxpayer-funded defendants to incur legal fees to respond to Plaintiff's allegations. This recommendation, if adopted, should save thousands of dollars in unnecessary legal fees.

Accordingly,

**IT IS RECOMMENDED** that all claims against the Caddo Correctional Center, Caddo Parish Government, Shreveport Police Department, and Caddo Parish Sheriff's Department be **dismissed with prejudice** on the grounds that those defendants are not legal entities capable of being sued.

**IT IS FURTHER RECOMMENDED** that all claims against the State of Louisiana and the Louisiana State University Health Science Center be **dismissed without prejudice** for lack of subject-matter jurisdiction due to the Eleventh Amendment.

**IT IS FURTHER RECOMMENDED** that all Section 1983 claims against Dr. Edward J. LoCascio be **dismissed with prejudice** for failure to state a claim on which

relief can be granted and that any state law claims against him be **dismissed without prejudice** because the court declines to exercise supplemental jurisdiction over them..

      **IT IS FURTHER RECOMMENDED** that all Section 1983 claims against Johna Page be **dismissed with prejudice** because she is a not a state actor and that any state law claims against her be **dismissed** because the court declines to exercise supplemental jurisdiction over them.

**Objections**

      Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

      A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of February,

2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE