RECEIVED
SEP - 8 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

DAVID L. HICKS

versus

JOHNA PAGE, ET AL.

CIVIL CASE NUMBER 10-0084
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendants. See Record Document 40. Based on the following, the defendants' motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

David Hicks ("Hicks") filed this action pro se alleging federal and state law claims of false arrest and excessive force against Shreveport police officers Roy Hall ("Officer Hall"), M. A. Bianco ("Officer Bianco"), and C. W. Yarborough ("Officer Yarborough") (hereinafter occasionally referred to as "the defendant officers") and the City of Shreveport ("the City").[1] The following facts are largely undisputed and

---

[1] In his complaint, Hicks also named the Shreveport Police Department, Louisiana State University Health Sciences Center, Dr. Edward LoCascio, the State of Louisiana, Caddo Parish Government, Caddo Parish Sheriff's department, and Caddo Correctional Center as defendants. See Record Document 1. The court entered an order dismissing all claims against these defendants on May 28, 2010.

1

taken primarily from Hicks's deposition and affidavit. See Record Document 40, Ex. B and Record Document 42, Ex. 2.

On January 20, 2009, Hicks was driving down Fairfield Avenue in Shreveport, Louisiana, at approximately 3:00 p.m. He wished to turn onto East 65th Street, but the intersection was partially blocked by a vehicle driven by Johna Page ("Page"). Page was pulled over on the side of Fairfield Avenue, waiting to pick her child up from Fairfield Elementary School. Hicks exited his vehicle and asked Page to pull her car up. Page either could not move her car forward because of traffic or refused to do so. Becoming angry, Hicks slapped her vehicle. Admittedly, he put his arm through her car window, pointed to her gear shift, and directed her to put the car in drive and pull up, all while holding a knife in one hand. See Record Document 40, Ex. B at 41-43. He then pointed to her tire and told her "you know what, if I was to cut your valve stem, you'd have a flat [tire]." Id. Page threatened to call the police. Hicks went back to his truck and managed to turn onto East 65th Street past her vehicle. He then drove home and went next door to the home of his girlfriend, Mary Scaglione.

In the meantime, Page and an observer, Bo Deaton, flagged down the police car of Officers Hall and Bianco, who were patrolling the area. See Record Document 40, Ex. C. Page informed Officer Hall that Hicks "started yelling and cussing" at Page, and that Hicks "got out of his truck, pulled out a black knife, banged on her rear

See Record Document 15. Accordingly, the only remaining defendants are Roy Hall, M. A. Bianco, C. W. Yarborough, and the City of Shreveport.

windows and started threatening her." Id. Page also told Officer Hall that Hicks "tried to open her side driver's door" but finding it locked "leaned through the window and started hitting all of the controls on her dash, while still holding the knife." Id. Officer Hall also spoke with two eye witnesses, Yvette Richardson ("Richardson") and Bo Deaton. See id. Both witnesses told Officer Hall they saw Hicks yell at Page and pull out a knife. See id. Richardson informed Officer Hall that she saw Hicks beat on Page's rear window, pull out a knife from his pocket, and make stabbing motions towards Page's vehicle. See id. Richardson then saw the windshield wipers and lights "go crazy." See id.

Thereafter, Officers Hall and Bianco drove down East 65th Street in search of Hicks, spotted his vehicle, and made contact with him. At some point, Officer Yarborough also arrived at the home. The nature of the interaction between the officers and Hicks and the ensuing arrest of Hicks are disputed. Officer Hall states that Hicks acted strangely and ignored commands. See Record Document 40, Ex. C. He claims that Hicks was instructed to put his hands on the wall, but did not comply, and upon resisting arrest, Hicks was laid to the ground. See id. Hicks maintains that he did not resist arrest and the officers used excessive and unnecessary force. See Record Document 42. He submits that, as a result of the arrest, he suffered broken ribs, a fractured neck, head injuries, permanent nerve damage, broken teeth, post-traumatic stress, black eyes, various abrasions, and scratches on his glasses. See Record Document 46. Hicks was arrested and charged with aggravated burglary, aggravated assault, resisting an officer, and on an unrelated outstanding warrant. See

Record Document 40, Ex. C. These criminal charges are pending in state court.

Hicks filed this action alleging false arrest and excessive force pursuant to 42 U.S.C. § 1983 and Louisiana law. See Record Document 1. The defendants filed a motion for summary judgment seeking dismissal of all federal and state law claims. See Record Document 40. Hicks responded in a series of oppositions and motions. See Record Documents 42, 44, 46, 47, and 49. As Hicks is proceeding pro se, the court will construe Hicks's filings together as his opposition.

## II. ANALYSIS

**A.  Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Quality Infusion Care, Inc. v. Health Care Serv. Corp., – F.3d –, No. 09-20188, 2010 WL 5188825, at *2 (5th Cir. Dec. 23, 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific

---

[2] The court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the court's analysis. Fed.R.Civ.P. 56(a) and advisory committee's note (emphasis added).

facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

A pro se plaintiff is held to a less stringent standard than a practicing attorney with respect to formal pleading requirements, but he must still comply with the basic evidentiary requirements of Federal Rule of Civil Procedure 56. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972); Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980).

**B.   False Arrest.**

    **1.   Section 1983 Claim.**

Title 42, United States Code, section 1983 provides the remedy for constitutional violations of the sort alleged by Hicks. Section 1983 reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Hicks alleges the defendant officers wrongfully arrested him in violation of his constitutional rights. The defendants contend that there is no genuine dispute of material fact as to whether the officers had probable cause to arrest Hicks and that the officers are protected by qualified immunity. See Record Document 40.

Qualified immunity shields government officials from liability in their performance of discretionary functions, unless their conduct violated a clearly established constitutional right. See Ontiveros v. City of Rosenberg, Tex., 564 F.3d 379, 382 (5th Cir. 2009). "Once raised, a plaintiff has the burden to rebut the qualified immunity defense . . . . We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." Estate of Davis v. City of N. Richland Hills, 406 F.3d 375, 380 (5th Cir. 2005). The qualified immunity inquiry consists of two prongs: "(1) whether the facts alleged or shown by the plaintiff made out a violation of a constitutional right, and (2) whether that right was 'clearly established' at the time of the defendant's alleged misconduct." Ontiveros, 564 F.3d at 382. After Pearson v. Callahan, – U.S. –, 129 S.Ct. 808 (2009) (overruling, in part, Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151 (2001)), the court may conduct the two-part test in any sequence. See id.

In order to prove a claim of false arrest, a plaintiff must show that he was arrested without probable cause. See Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001). Probable cause is defined as "the facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37, 99 S. Ct. 2627, 2632 (1979). To overcome qualified immunity, the plaintiff must also establish that a reasonable officer would have known that the arrest was devoid of probable cause. See Brown, 243 F.3d at 190. An officer who reasonably, but

mistakenly, believes that probable cause existed for the arrest is entitled to immunity. See Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir. 2000).

The defendants have submitted summary judgment evidence establishing that Page and two eyewitnesses informed Officer Hall that Hicks, with a knife in his hand, hit Page's car, yelled at her, put his arm through her car window, and threatened her. See Record Document 40, Ex. C. Officer Hall reasonably relied on this information to form probable cause to arrest Hicks. See Morris v. Dillard Dept. Stores, Inc., 277 F.3d 743, 754 (5th Cir. 2001) (recognizing that "an officer not present at the time of an alleged crime may form probable cause sufficient to entitle that officer to qualified immunity where the officer interviews an eyewitness to the alleged crime"). Hicks admits these actions in his deposition and affidavit. See Record Document 40, Ex. B at 41-43. He also admits telling Page that he could give her a flat tire, if he wanted to, by cutting her valve stem. See id., Ex. B at 51. Hicks fails to submit any evidence demonstrating the officers did not have probable cause to arrest him. Thus, the undisputed facts support a finding that the defendant officers had probable cause to arrest Hicks.

In addition, Hicks does not dispute that there was an outstanding warrant for his arrest at the time the defendant officers arrested him. See Record Document 40 at 51 and Record Document 42. The outstanding warrant alone gave the arresting officers probable cause for the arrest. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (holding that if "there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails").

7

Hicks's argument that the warrant was issued in error is irrelevant. The parties agree that the warrant was in effect at the time of Hicks's arrest. The arresting officers could reasonably rely on it for probable cause. The court finds that the officers had probable cause to arrest Hicks and summary judgment for the defendants is appropriate.[3]

### 2. State Law Claim.

Under Louisiana law, "[f]alse arrest and imprisonment occur when one arrests and restrains another against his will without a warrant or other statutory authority." Kyle v. City of New Orleans, 353 So.2d 969, 971 (La. 1977). "[I]f police officers act pursuant to statutory authority in arresting and incarcerating a citizen, they are not liable for damages for false arrest and imprisonment." Id. As previously mentioned, Hicks was arrested for aggravated burglary, aggravated assault, resisting an officer, and on an unrelated outstanding warrant. See Record Document 40, Ex. C.

The officers had authority to arrest Hicks under the outstanding warrant. They also had statutory authority for the arrest. Louisiana Code of Criminal Procedure article 213(3) provides that "an officer may make a warrantless arrest for an offense committed out of his presence if he has 'reasonable cause to believe that the person to be arrested has committed an offense . . . .'" Kyle, 353 So.2d at 971 (quoting La.

---

[3] Hicks further fails to establish that reasonable officers would have known there was no probable cause to arrest. Thus, the defendant officers are entitled to qualified immunity and Hicks's section 1983 false arrest claim against the officers is dismissed on this ground as well.

8

Code Crim. Proc. art. 213(3)). "Reasonable cause exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonable trustworthy information, are sufficient to justify an average man of caution in the belief that a felony has been committed." Id. As discussed above, the defendant officers were told by Page and two other eyewitnesses that Hicks had hit Page's car, stuck his arm through her car window, and threatened her, all while holding a knife. The officers had reasonably trustworthy information to justify their belief that Hicks had committed aggravated assault or aggravated burglary. See La. R.S. 14:37 (defining aggravated assault as "an assault committed with a dangerous weapon"); La. R.S. 14:60 (defining aggravated burglary as "the unauthorized entering of any . . . movable where a person is present, with the intent to commit a felony or any theft therein, if the offender, (1) is armed with a dangerous weapon . . . ."). The defendants have met their summary judgment burden and Hicks has failed to demonstrate any genuine disputes of material fact. Accordingly, Hicks's state law claim for false arrest is dismissed.

C. **Excessive Force.**

    1. **The City Of Shreveport.**

"A municipality is liable under [section] 1983 only where the municipality *itself* causes the constitutional violation at issue." Richardson v. Oldham, 12 F.3d 1373, 1381-82 (5th Cir. 1994) (internal quotations omitted) (emphasis in original). A municipality is not liable "solely because it employs a tortfeasor - or, in other words, . . . on a respondeat superior theory." Monell v. New York City Dep't of Soc.

Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). To establish liability against a municipality, the plaintiff must prove three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

The City submitted the affidavit of Chief of Police Willie Shaw ("Chief Shaw") establishing that "it is not the policy, custom or practice of the Shreveport Police Department to violate the constitutional rights of suspects or citizens of the City of Shreveport" or "to use excessive, unnecessary or unreasonable force when affecting [sic] an arrest" or "in the performance of their duties." Record Document 40, Ex. A. Chief Shaw further stated that the officers are "trained in the proper use of force and are instructed to use only that force as is reasonably necessary." Id. In his oppositions, Hicks failed to argue or submit any summary judgment evidence supporting his claim that the City violated his constitutional rights. See Record Documents 42, 44, 46, 47, and 49. Hicks has not named a policymaker, identified a specific policy or lack of policy, or demonstrated that such policy was the "moving force" behind a violation of his constitutional rights. Accordingly, the court finds that summary judgment for the City is warranted as to Hicks's section 1983 claim of excessive force.

### 2. The Officers.

With regard to Hicks's excessive force claim against the defendant officers, the defendants contend that his claim is barred by Heck v. Humphrey, 512 U.S. 477, 114

S. Ct. 2364 (1994).[4] See Record Document 40. In Heck, the United States Supreme Court held that in order to recover monetary damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck, 512 U.S. at 486-87, 114 S. Ct. at 2372. To determine whether a claim falls within the parameters of Heck, the court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Connors v. Graves, 538 F.3d 373, 376 (5th Cir. 2008) (holding that the plaintiff's section 1983 excessive force claim was barred under Heck). If it would, the plaintiff's section 1983 claim is barred, unless he shows his conviction has been reversed or otherwise called into question as detailed in Heck. See id.

Where the criminal charges are still **pending** and the plaintiff has not yet been convicted, however, dismissal under Heck is premature. See Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995). If a plaintiff files a claim "related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the

---

[4] The defendants also argue that Hicks's other federal claims are barred by Heck. The court has dismissed the other federal claims on alternative grounds, however, and need not reach Heck.

criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393-394, 127 S. Ct. 1091, 1098 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." Id.

It is undisputed that Hicks's criminal charges are still pending. See Record Documents 40 at 4 and 42. Therefore, dismissal of Hicks's excessive force claim against the defendant officers under Heck is premature. Hicks's excessive force claim is related to his pending charge for resisting an officer, however, and success on his section 1983 claim may impugn a future conviction on this charge. See Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996) (explaining that "the question whether the police applied reasonable force in arresting [the plaintiff] depends in part on the degree of his resistance, which will in turn will place in issue whether his resistance . . . was justified"). The defendant officers do not argue any other basis for summary judgment of this claim. Therefore, the court will stay Hicks's section 1983 excessive force claim against the defendant officers until Hicks's criminal case is resolved. The court also stays Hicks's state law tort claims against all of the defendants.[5]

---

[5] The defendants move for dismissal of Hicks's state law tort claims on the basis of supplemental jurisdiction, arguing that the court should decline pendant jurisdiction if all of the federal claims are dismissed. See Record Document 40. The court has dismissed Hicks's state law false arrest claim. It is unclear what other state law claims Hicks alleges. See Record Document 1. The court does not dismiss any other state law claims, however, because federal claims remain. Any other state law claims are stayed.

### III. CONCLUSION

Based on the foregoing, the defendants' motion for summary judgment (Record Document 40) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** to the extent that Hicks's false arrest claims, both his federal claim pursuant to 42 U.S.C. § 1983 and his state law claim, against the defendants are **DISMISSED WITH PREJUDICE**. The motion is further **GRANTED** as to Hicks's section 1983 excessive force claim against the City of Shreveport, which is **DISMISSED WITH PREJUDICE**.

The motion is **DENIED** with regard to Hicks's section 1983 excessive force claim against Roy Hall, M. A. Bianco, and C. W. Yarborough. The motion is further **DENIED** with respect to Hicks's state law tort claims against all of the defendants. The remaining claims will be **STAYED**, pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) and Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091 (2007), until Hicks's related state criminal proceedings are resolved.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 8th day of September 2011.



JUDGE TOM STAGG

13