UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID L. HICKS                               CIVIL ACTION NO. 10-cv-0084

VERSUS                                       JUDGE STAGG

JOHNA PAGE, ET AL                            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

David Hicks ("Plaintiff") has filed several pro se complaints with this court since the 1980s. He alleges in this case that Shreveport police officers and the City of Shreveport are liable to him for false arrest and excessive force. After the time allowed for discovery passed, Plaintiff was ordered to file a pretrial statement. Plaintiff asked for and received multiple extensions of time, but he failed to comply with the order despite repeated warnings that such failure could lead to dismissal of his complaint. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed with prejudice for failure to prosecute.

The underlying incident began when Plaintiff confronted a woman who was pulled over on the side of Fairfield Avenue, waiting to pick her child up from elementary school. Her car partially blocked the road. Plaintiff asked the woman to move her car. When she did not, Plaintiff slapped her car, put his arm through her window, and stated that if he were to cut her valve stem she would have a flat tire. Plaintiff was holding a knife in one hand during these events.

Police officers were flagged down and told what happened. The officers were able to locate Plaintiff and arrest him. The officers contend that Plaintiff was uncooperative and

resisted arrest. Plaintiff contends that he did not resist and that the officers used excessive force that resulted in broken ribs, fractured neck, head injuries, nerve damage, broken teeth, post-traumatic stress, black eyes, abrasions, and scratches on his glasses. See Doc. 51.

A Scheduling Order (Doc. 53) directed Plaintiff to file a pretrial statement by June 1, 2012. The statement was to consist of a list of each exhibit Plaintiff intends to offer into evidence and a list of the names and addresses of all witnesses he intends to call, along with a brief summary of the anticipated testimony of each witness.

Before the pretrial statement deadline arrived, Plaintiff filed a motion to compel discovery and requested additional time to file the pretrial statement. The court granted an extension to file the pretrial statement 30 days after a ruling on the pending discovery motions. Doc. 60.

The discovery motions were ruled on, triggering the 30-day period, and almost 60 days passed without the filing of a pretrial statement. The court then issued an order (Doc. 69) that noted the failure and stated that Plaintiff would be "given one more opportunity, until October 19, 2012, to file his pretrial statement." The order warned that if Plaintiff did not file it timely, "this entire civil action will be subject to dismissal for failure to prosecute without further notice." Plaintiff then filed a number of discovery-related filings and complained he must have copies of certain mug shots and jail medical records to support his case. Defendants responded that some of the items Plaintiff requested had been mailed to him on more than one occasion, but Plaintiff denied receiving them.

The court entered an order (Doc. 76) that directed the sheriff to deliver to chambers a color copy of Plaintiff's booking photo, his booking records, and his medical records generated during the jail stay that followed the arrest. The court set a third deadline of December 3, 2012 for Plaintiff to file a pretrial statement. He was again warned that failure to timely file the pretrial statement could result in the entire civil action being dismissed. Plaintiff was advised by order dated November 8, 2012 (Doc. 77) that the discovery items he wanted were available for him to pick up at the courthouse as soon as reasonably possible.

Plaintiff did not appear at the courthouse until December 6, 2012, three days after the pretrial statement deadline. He was given the mug shots and other documents provided by the sheriff. Plaintiff filed on that day a Motion to Stay (Doc. 78), in which he represented that his spouse had suffered multiple strokes and been in intensive care, and she was now entirely dependent on him for care at home. He added that his daughter had been admitted to the hospital with double pneumonia and a blood infection, which resulted in a three-week coma and other health problems. Plaintiff asserted that another (unspecified) Section 1983 violation occurred at his home and caused additional injuries including two heart attacks, a concussion, hip injury, nerve injury to hands, kidney injuries, and neck injuries. Plaintiff states in his multi-page, typed submission that it is difficult for him to sit and type at a computer, he cannot afford or find a typist, and he needs 30 days to learn to operate voice recognition software that will allow him to perfect his pretrial statement and prepare for trial.

There is no trial date set. Plaintiff has been asked to do little more than provide a witness and exhibit list. He has had the better part of 2012 to accomplish that simple task.

If he now finds himself short on time, he has only himself to blame for not filing his pretrial statement in any of the several months before now in which he could have done so. This is consistent with Plaintiff's history of making bold allegations that, when tested, cannot be proved. Another of his recent cases, Hicks v. Caddo Parish Animal Control, 07-cv-0115, was dismissed for failure to prosecute after Plaintiff ignored a court ordered deadline to respond to basic discovery.

Plaintiff's claims will likely be barred by prescription if the complaint is dismissed without prejudice, so the effect of such a dismissal would be the same as a dismissal with prejudice as to any time-barred claims. Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice for failure to prosecute may be warranted if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court expressly determines that lesser sanctions would not prompt diligent prosecution, or the district court employed lesser sanctions that proved to be futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)

Dismissal, even considering the harsh consequences, is appropriate in this case. There is a clear record of Plaintiff repeatedly failing to comply with a court-ordered deadline to provide a list of witnesses and exhibits. The task was a simple but critical one. There is no attorney to blame for the failure. Plaintiff himself has handled all aspects of his case, and he is quite familiar with the litigation process. The undersigned is also of the firm belief that if Plaintiff were given a fourth deadline, even months away, it would be met with yet another demand for more time based on a claim of an extraordinary medical or legal emergency.

There is no reason to believe that further extensions or a less drastic sanction would result in Plaintiff's compliance with his obligations and deter similar failures in the future. Even the dismissal of Plaintiff's claims in 07-cv-0115 was not enough to deter his failures in this case. A consideration of all the relevant factors indicates that a dismissal with prejudice is appropriate.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's Motion to Stay (Doc. 78) be **denied** and that all of Plaintiff's remaining claims be dismissed with prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of December, 2012.

                                           MARK L. HORNSBY
                                           UNITED STATES MAGISTRATE JUDGE